FILED COPY

2013 AUG 30  PM 5: 13

CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY_____

1  JEFFREY G. SHELDON (SBN 67516)
2  jgsheldon@usip.com
   DOUGLAS H. MORSEBURG (SBN 126205)
3  douglas.morseburg@usip.com
4  WILLIAM D. BOWEN (SBN 254398)
   william.bowen@usip.com
5  **SHELDON MAK & ANDERSON PC**
6  100 Corson Street, Third Floor
   Pasadena, California  91103-3842
7  Telephone: (626) 796-4000
8  Facsimile: (626) 795-6321
9
   Attorneys for Plaintiff San Antonio Winery, Inc.
10

11            UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13                 WESTERN DIVISION
14                                CV13-6409 DDP (VBKx)

15  SAN ANTONIO WINERY, INC, a          Case No.
16  California corporation
17                                      **COMPLAINT FOR DAMAGES
              Plaintiff,                AND INJUNCTION FOR:**
18
19       v.                             1. **TRADEMARK
                                           INFRINGEMENT**
20  CONSTELLATION BRANDS, INC., a       2. **FALSE DESIGNATION OF
21  Delaware corporation,                  ORIGIN**
    CONSTELLATION BRANDS U.S.           3 **COMMON LAW TRADEMARK
22  OPERATIONS, INC., a New York           INFRINGEMENT**
23  corporation, and DOES 1-10, inclusive, 4. **STATUTORY UNFAIR
                                              COMPETITION**
24            Defendants.               5. **COMMON LAW UNFAIR
25                                         COMPETITION**
26
                                        **REQUEST FOR JURY TRIAL**
27
28

---

**COMPLAINT**

1  Plaintiff San Antonio Winery, Inc., by and through its attorneys, Sheldon
2  Mak & Anderson, alleges as follows:

3

4  **JURISDICTION AND VENUE**

5      1.    The court has original jurisdiction of this action under 15 U.S.C.
6  § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the
7  Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*.  The court has
8  original jurisdiction over Plaintiff's non-federal unfair competition claims under
9  15 U.S.C. § 1338(b) in that they are joined with a substantial and related claim
10 under the U.S. trademark laws.  The court has supplemental jurisdiction over all of
11 Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so
12 related to Plaintiff's federal claims that they form part of the same case or
13 controversy.

14     2.    Venue in this district is proper under 28 U.S.C. § 1391(b) in that a
15 substantial part of the events giving rise to the within claims occurred in this
16 judicial district.

17

18 **THE PARTIES**

19     3.    Plaintiff San Antonio Winery, Inc. ("San Antonio" or "Plaintiff") is a
20 California corporation with its principal place of business at 737 Lamar Street, Los
21 Angeles, California 90031.

22     4.    On information and belief, Defendant Constellation Brands, Inc.
23 ("CB") is a Delaware corporation with a place of business at 207 High Point Drive,
24 Building 100, Victor, New York 14564.

25     5.    On information and belief, Defendant Constellation Brands U.S.
26 Operations, Inc. ("CBUS") is a New York corporation with a place of business at
27 207 High Point Drive, Building 100, Victor, New York 14564.  On further
28 information and belief, CBUS is a wholly-owned subsidiary of CB.

1      6.    On information and belief, non-party Ruffino, S.R.L. ("Ruffino") is an

2 Italian limited liability company with a place of business at Piazzale Ruffino 1,

3 50065 Pontassieve (FI), Italy.  On further information and belief, Ruffino is a

4 wholly-owned subsidiary of CB.

5      7.    Plaintiff believes that the factual contentions of this paragraph will

6 likely have evidentiary support after a reasonable opportunity for discovery,

7 namely, that CB controls CBUS and Ruffino, that CB directs the activities of

8 CBUS and Ruffino and that CB, CBUS and Ruffino (hereafter, collectively,

9 "Constellation") promote and offer to sell wine under the name ROSATELLO in

10 packaging with an appearance that infringes Plaintiff's rights.

11      8.    On information and belief, Constellation owns an extensive portfolio

12 of alcohol brands, including Arbor Mist, Black Box, Blackstone, Clos du Bois,

13 Estancia, Franciscan Estate, Inniskillin, Kim Crawford, Mark West, Mount Veeder,

14 Nobilo, Ravenswood, Rex Goliath, Robert Mondavi, Ruffino, SIMI, Toasted Head,

15 Wild Horse, Corona Extra, Corona Light, Modelo Especial, Negra Modelo,

16 Pacifico, Black Velvet Canadian Whisky and SVEDKA Vodka, and has sales in

17 excess of $3 billion annually.

18      9.    The true names and capacities of the Defendants named herein as

19 DOES 1 through 10, whether individual, corporate, associate, or otherwise, are

20 unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.

21 Plaintiff is informed and believes, an thereon alleges, that each of the Defendants

22 designated herein as DOE is legally responsible for the events and happenings

23 hereinafter alleged and legally caused injury and damages proximately thereby to

24 Plaintiff as alleged herein.  Plaintiff will seek leave to amend the Complaint when

25 the true names and capacities of said DOE Defendants have been ascertained.

26 Constellation and DOES 1 through 10 are hereinafter collectively referred to as

27 "Defendants."

28

1    10.    Plaintiff is informed and believes, and on that basis alleges, that each

2  of the Defendants participated in and is in some manner responsible for the acts

3  described in this Complaint and any damages resulting therefrom.

4    11.    Plaintiff is informed and believes, and on that basis alleges, that each

5  of Constellation and DOES 1 - 10 has acted in concert and participation with each

6  other concerning the claims in this Complaint.

7    12.    Plaintiff is informed and believes, and on that basis alleges, that each

8  of Constellation and DOES 1 – 10 was empowered to act as the agent, servant

9  and/or employees of each other, and that all the acts alleged to have been done by

10  each of them were authorized, approved and/or ratified by each of them.

11

12              **THE PLAINTIFF'S TRADEMARKS AND TRADE DRESS**

13    13.    San Antonio is a family owned corporation that is engaged in, among

14  other things, the production, sale and distribution of wines.  It has been in business

15  since 1917 and, over the years, its wines have won numerous wine competition

16  awards.

17    14.    San Antonio is the owner of several well-known trademarks,

18  including but not limited to, the word mark STELLA ROSA (the "STELLA ROSA

19  Word Mark") and a combination mark and design consisting of the words

20  STELLA ROSA in stylized format below a crown (the "STELLA ROSA Design

21  Mark").  San Antonio commenced using the STELLA ROSA Word Mark and the

22  STELLA ROSA Design Mark in commerce in the United States at least as early as

23  September 2004 in connection with the sale and offer for sale of wines.  San

24  Antonio has used both marks in connection with such goods continuously from the

25  time it adopted them until the present.

26    15.    The STELLA ROSA Word Mark is the subject of U.S. Federal

27  trademark registration no. 4,000,417 (the "'417 Registration"), a copy of which is

28

1  attached as **Exhibit 1**.  The '417 Registration was issued by the U.S. Patent and

2  Trademark Office ("PTO") on July 26, 2011 for use in connection with wine.

3      16.  The STELLA ROSA Design Mark is the subject of U.S. Federal

4  trademark registration No. 3,663,013 (the "'013 Registration"), a copy of which is

5  attached as **Exhibit 2**.  The '013 Registration was issued by the PTO on August 4,

6  2009 for use in connection with wines.

7      17.  The '417 and '013 Registrations constitute prima facie evidence of the

8  validity of the STELLA ROSA Word Mark and the STELLA ROSA Design Mark,

9  of San Antonio's ownership of those marks, and of San Antonio's exclusive right

10  to use the STELLA ROSA Word Mark and the STELLA ROSA Design Mark in

11  connection with the goods specified in those registrations, namely wine.  The

12  marks are used for semi-sweet, low alcohol, frizzante (i.e. lightly sparkling) and

13  sparkling wines.  Hereafter, the STELLA ROSA Word Mark and the STELLA

14  ROSA Design Mark shall be referred to collectively as the "STELLA ROSA

15  Marks."

16      18.  In addition to the STELLA ROSA Marks, San Antonio identifies its

17  semi-sparkling and sparkling wines associated with those marks through its

18  proprietary trade dress.  The elements of the trade dress for the Stella Rosa semi-

19  sparkling wines (the "Stella Rosa SS Trade Dress") are:

20          a. A classic Bordeaux-style wine bottle with a punt at the bottom

21          and a bar top finish;

22          b. A white, rectangular front wine label with greater height than

23          width;

24          c. The word "ROSA" on the front label highlighted in a different

25          color from the other words or parts of words surrounding it;

26          d. Use of a distinctive typeface on the front label for the word

27          "ROSA" in all capitals with the letter "R" having a downward

28          diagonal stroke that extends below the letter "O" that follows it;

e.  The appearance of a crown in the top center of the front label;

f.  The appearance of a crown on the capsule on the neck of the bottle; and

g.  A description of the wine in cursive font below the brand.

A picture of a product bearing the Stella Rosa SS Trade Dress is shown in **Exhibit 3** attached hereto.

19.  The elements of the trade dress for the Stella Rosa sparkling wines (the "Stella Rosa Sparkling Trade Dress") are:

a.  A distinctive variation of a classic champagne bottle having a broad base tapering gradually up to the bottle's neck, with a punt at the bottom;

b.  A decoratively shaped front label at the bottom of the bottle, with greater width than height;

c.  The word "ROSA" on the front label highlighted in a different color from the other words or parts of words surrounding it;

d.  Use of a distinctive typeface on the front label for the word "ROSA" in all capitals with the letter "R" having a downward diagonal stroke that extends below the letter "O" that follows it;

e.  The appearance of a crown in the top center of the front label;

f.  The appearance of a crown on the neck label; and

g.  Foil capsule on the neck of the bottle.

A picture of a product bearing the Stella Rossa Sparkling Trade Dress is shown in **Exhibit 4** attached hereto.

20.  The Stella Rosa SS Trade Dress and the Stella Rosa Sparkling Trade Dress (collectively, the "Stella Rosa Trade Dress") are used to identify San Antonio's semi-sparkling and sparkling wines associated with the STELLA ROSA Marks, respectively.

21.     At all times relevant to the acts complained of herein, San Antonio has used the STELLA ROSA Marks and Stella Rosa Trade Dress to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the marks and trade dress on its products, on its internet website and on advertising materials promoting its goods.  In addition, over the past 7 years, San Antonio's expenditures on advertising and promotion to promote goods bearing the STELLA ROSA Marks and Stella Rosa Trade Dress have totaled over $4,000,000.  During that same period, its sales of products under those marks have totaled more than $115,000,000.  For example, the Stella Rosa Stella Rosso wine shown in **Exhibit 3** is the number one selling wine in the country in the category of red, sweet, frizzante, low alcohol wines.

22.     Sales of the wines associated with the STELLA Rosa Marks are growing extremely rapidly, and Stella Rosa is one of the fastest growing wine brands in the industry.  San Antonio's sales of its Stella Rosa wines currently exceed $45 million annually.

23.     The presence of the STELLA ROSA Marks and Stella Rosa Trade Dress on San Antonio's goods, on its website and on advertising for San Antonio's goods indicates to the public that goods and services provided under the STELLA ROSA Marks and Stella Rosa Trade Dress originate with, or are provided by, San Antonio.  San Antonio adheres to strict quality standards in the manufacture of its wines.  Thus, the consuming public has come to associate the STELLA ROSA Marks and Stella Rosa Trade Dress with wines of consistent and high quality.  As a consequence of all of the foregoing, the STELLA ROSA Marks and Stella Rosa Trade Dress have attained considerable value and the goodwill associated with them represents a valuable business asset.

//

//

## DEFENDANTS' ACTIVITIES

24.     San Antonio is informed and believes, and based thereon it alleges that the Defendants are offering to provide, and are providing, in the United States and in this judicial district, goods that are identical to San Antonio's goods, namely semi-sweet, low alcohol, semi-sparkling and sparkling wines, and they are using words and symbols in connection with those products that are confusingly similar to the STELLA ROSA Marks, namely, the term ROSATELLO, and trade dress that is confusingly similar to the Stella Rosa Trade Dress.  Images of Defendants' infringing products are shown in **Exhibits 3** and **4** attached hereto.

25.     San Antonio is further informed and it believes that the Defendants or their predecessors-in-interest were selling a still (i.e., non-sparkling) wine under the ROSATELLO name in packaging that was very different from the Stella Rosa Trade Dress.  On information and belief, the ROSATELLO mark was abandoned in the United States.  Nonetheless, within the past year, Defendants stopped using the name ROSATELLO in connection with still wine and commenced using it in connection with semi-sweet, low alcohol, semi-sparkling and sparkling wines.  At the same time they adopted the term ROSATELLO for use in connection with semi-sweet, low alcohol, semi-sparkling and sparkling wines, they also adopted product packaging that is confusingly similar to the Stella Rosa Trade Dress.

26.     On information and belief, the Defendants own dozens of other brand names for wines and no other mark owned or formerly owned by Defendants is more similar to the term STELLA ROSA than the term ROSATELLO.  On further information and belief, Defendants intentionally adopted the term ROSATELLO for use in connection with semi-sweet, low alcohol, semi-sparkling and sparkling wines because it is confusingly similar to the term STELLA ROSA and they intentionally designed packaging for their product that is confusingly similar to the Stella Rosa Trade Dress.

27.     On further information and belief, the Defendants' efforts to rebrand the ROSATELLO name and their product design efforts were undertaken with knowledge of San Antonio's rights in, and the value of, its marks and its trade dress and with the specific intent to harm San Antonio and to steal the goodwill and the market share San Antonio has developed for wines associated with the STELLA ROSA Marks and the Stella Rosa Trade Dress.  Thus, Defendants' violations of San Antonio's rights in its STELLA ROSA Marks and Stella Rosa Trade Dress are intentional, fraudulent, malicious, and oppressive.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants for Trademark Infringement,**
**15 U.S.C. § 1114(1))**

28.     San Antonio incorporates, repeats and realleges paragraphs 1 through 27, above, as if set forth fully herein.

29.     The STELLA ROSA Marks are owned by San Antonio and San Antonio has continuously used those marks in commerce since at least as early as September 2004.  San Antonio has never authorized or consented to the Defendants' use of any term which is the same as, is confusingly similar to, or constitutes a colorable imitation of, the STELLA ROSA Marks in commerce in connection with their products or services.

30.     Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.     San Antonio is informed and it believes and, based thereon, it alleges that the Defendants' acts have been undertaken with full knowledge of San Antonio's rights in and to the STELLA ROSA Marks and with the willful and deliberate intent to cause confusion, mistake and deception among members of the

1  relevant public and to trade on the goodwill associated with the STELLA ROSA

2  Marks.

3      32.    By reason of Defendants' acts, as alleged herein, San Antonio has

4  suffered damage to its business, reputation and goodwill and, on information and

5  belief, Defendants have made profits and sales they would not have made but for

6  their wrongful conduct.

7      33.    Defendants' acts have caused and will continue to cause irreparable

8  and immediate injury to San Antonio for which San Antonio has no adequate

9  remedy at law.  Unless Defendants are restrained by this Court from continuing

10  their unauthorized use of words and symbols that are confusingly similar to the

11  STELLA ROSA Marks, these injuries will continue to occur.

12

13                    **SECOND CLAIM FOR RELIEF**

14          **(Against All Defendants for False Designation Of Origin,**

15                       **15 U.S.C. § 1125(a))**

16      34.    San Antonio incorporates, repeats and realleges paragraphs 1 through

17  27, above, as if set forth fully herein.

18      35.    The STELLA ROSA Marks are owned by San Antonio and San

19  Antonio has continuously used them in commerce for many years.  San Antonio

20  has never authorized or consented to the Defendants' use of the STELLA ROSA

21  Marks or of any similar words or names in connection with their products or

22  services.

23      36.    The Stella Rosa Trade Dress is owned by San Antonio and San

24  Antonio has continuously used it in commerce for many years.  San Antonio has

25  never authorized or consented to the Defendants' use of the Stella Rosa Trade

26  Dress in connection with their products or services.

27      37.    Defendants' actions, as alleged above, are likely to cause confusion,

28  mistake or deception as to the affiliation, connection or association of the

1    Defendants with San Antonio, or as to the origin, sponsorship or approval of

2    Defendants' products or services by San Antonio in violation of Section 43(a) of

3    the Lanham Act, 15 U.S.C. § 1125(a).

4         38.    San Antonio is informed and it believes and, based thereon, it alleges

5    that the Defendants' acts have been undertaken with full knowledge of San

6    Antonio's rights in and to the STELLA ROSA Marks and Stella Rosa Trade Dress

7    and with the willful and deliberate intent to cause confusion, mistake and deception

8    among members of the relevant public and to trade on the goodwill associated with

9    those marks and that trade dress.

10        39.    By reason of Defendants' acts, as alleged herein, San Antonio has

11   suffered damage to its business, reputation and goodwill and, on information and

12   belief, Defendants have made profits and sales they would not have made but for

13   their wrongful conduct.

14        40.    Defendants' acts have caused and will continue to cause irreparable

15   and immediate injury to San Antonio for which San Antonio has no adequate

16   remedy at law.  Unless Defendants are restrained by this Court from continuing

17   their unauthorized use of words and symbols that are confusingly similar to the

18   STELLA ROSA Marks and packaging that infringes the Stella Rosa Trade Dress,

19   these injuries will continue to occur.

20

21                      **THIRD CLAIM FOR RELIEF**

22     **(Against All Defendants for Common Law Trademark Infringement)**

23        41.    San Antonio repeats and re-alleges paragraphs 1 through 27, 29

24   through 33, and 35 through 40, as though fully set forth in this paragraph.

25        42.    By reason of Defendants' acts, as alleged herein, San Antonio has

26   suffered damage to its business, reputation and goodwill and the loss of profits and,

27   on information and belief, Defendants have made profits and sales they would not

28   have made but for their wrongful conduct.

43.     The above-described acts of Defendants constitute common law trademark and trade dress infringement.  Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

44.     On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of San Antonio's rights and with a desire to injure San Antonio's business and to improve their own.

### FOURTH CLAIM FOR RELIEF

**(Against All Defendants for Unfair Competition,**

**Cal. Bus. & Prof. Code § 17200)**

45.     San Antonio repeats and re-alleges paragraphs 1 through 27, 29 through 33, and 35 through 40, as though fully set forth in this paragraph.

46.     The above-described acts of Defendants constitute unfair competition within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

### FIFTH CLAIM FOR RELIEF

**(Against All Defendants for Common Law Unfair Competition)**

47.     San Antonio repeats and re-alleges paragraphs 1 through 27, 29 through 33, and 35 through 40, as though fully set forth in this paragraph.

48.     By reason of Defendants' acts, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

49.     The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off their goods as those of San Antonio.  Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For an order preliminarily and permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.      Using any brand or designation that makes use of the term ROSATELLO or any other term that is confusingly similar to the term STELLA ROSA, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as San Antonio's goods;

b.      Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term ROSATELLO or any other term that is confusingly similar to the term STELLA ROSA, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as San Antonio's goods;

c.      Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the STELLA ROSA Marks;

1       2.      For an order preliminarily and permanently enjoining the Defendants,

2   their officers, agents, employees, and those acting in concert or conspiracy with

3   them from:

4               a.      Making use of any packaging that is confusingly similar to the

5   Stella Rosa Trade Dress, whether alone or in combination with other graphics,

6   visuals, or design elements, in connection with the sale, offer for sale, promotion or

7   advertising of any products and/or services that are the same as San Antonio's

8   goods;

9               b.      Instructing or directing any third parties to prepare print

10  advertising, flyers, containers, labels or packaging that depicts the Stella Rosa

11  Trade Dress, whether alone or in combination with other graphics, visuals, or

12  design elements for use in connection with the sale, offer for sale, promotion or

13  advertising of any products and/or services that are the same as San Antonio's

14  goods;

15              c.      Imitating, copying, making unauthorized use of, or otherwise

16  infringing, Plaintiff's rights in and to the Stella Rosa Trade Dress;

17      3.      For an order directing the Defendants to deliver up for destruction all

18  products, labels, boxes, signs, prints, packages, wrappers, and artwork in their

19  possession, or under their control, that depicts the Stella Rosa Trade Dress,

20  whether alone or in combination with other graphics, visuals, or design elements,

21  including ROSATELLO;

22      4.      For an order directing the Defendants to recall all products that they

23  have sold in packaging that uses the term ROSATELLO in combination with

24  design elements that infringe the Stella Rosa Trade Dress;

25      5.      For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently

26  enjoining Defendants and their officers, agents, employees, and all those acting in

27  concert or conspiracy with them from making use of the ROSATELLO name or

28

1    any other term that contains the term ROSATELLO or any phonetic equivalent of
2    those terms in connection with the sale of low alcohol, sweet, carbonated wines;

3        6.    For a monetary award in favor of San Antonio in an amount equal to
4    (i) San Antonio's actual damages and (ii) to the extent not included in actual
5    damages, the Defendants' profits arising from the acts alleged above, such
6    damages and profits to be trebled under 15 U.S.C. § 1117(a);

7        7.    For a finding that this is an exceptional case within the meaning of,
8    and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

9        8.    For a finding that the Defendants' acts of infringement were willful
10   within the meaning of 15 U.S.C. § 1117(c)(2);

11       9.    For an award of exemplary damages under California Civil Code
12   section 3294;

13       10.   For an award of pre-judgment interest and post-judgment interest in
14   the maximum amount permitted by law;

15       11.   For an award of costs under 15 U.S.C. § 1117(a), or as otherwise
16   provided by law; and

17       12.   For such other and further relief as the Court deems just and proper.

18

19   Dated:  August 30, 2013            SHELDON MAK & ANDERSON PC

20

21

22                                 By: _____

23                                     WILLIAM D. BOWEN
                                       Attorneys for Plaintiff
24                                     SAN ANTONIO WINERY. INC.

25

26

27

28

1

## REQUEST FOR JURY TRIAL

2     Plaintiff requests trial by jury on all issues so triable.

3

4     Dated:  August 30, 2013           SHELDON MAK & ANDERSON PC

5

6

7                                        By: _____

8                                            WILLIAM D. BOWEN
                                             Attorneys for Plaintiff
9                                            SAN ANTONIO WINERY. INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# United States of America
## United States Patent and Trademark Office

### STELLA ROSA

**Reg. No. 4,000,417**
**Registered July 26, 2011**

SAN ANTONIO WINERY, INC. (CALIFORNIA CORPORATION)
737 LAMAR STREET
LOS ANGELES, CA 90031

**Int. Cl.: 33**

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 8-31-2004; IN COMMERCE 9-30-2004.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ROSA", APART FROM THE
MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE WORD "STELLA ROSA" IN THE MARK IS "STAR
ROSE".

SER. NO. 78-534,052, FILED 12-16-2004.

NELSON SNYDER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

EXHIBIT 1, PAGE 16

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

EXHIBIT 1, PAGE 17

**Int. Cl.: 33**

**Prior U.S. Cls.: 47 and 49**

**Reg. No. 3,663,013**

**United States Patent and Trademark Office**   Registered Aug. 4, 2009

## TRADEMARK
### PRINCIPAL REGISTER



## STELLA ROSA

SAN ANTONIO WINERY, INC. (CALIFORNIA
    CORPORATION)
767 LAMAR STREET
LOS ANGELES, CA 90031

    FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

    FIRST USE 8-4-2004; IN COMMERCE 8-27-2004.

    NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ROSA" , APART FROM THE
MARK AS SHOWN.

    THE MARK CONSISTS OF A CROWN DISPOSED
ABOVE THE WORDS "STELLA ROSA" IN CAPITAL

LETTERS WITH THE FIRST "L" BEING VERTICAL-
LY ENLARGED AND WITH ITS LOWER RIGHT-
MOST PORTION EXTENDING UNDER THE SEC-
OND "L" AND WITH THE "R" HAVING A LOWER
RIGHT-MOST PORTION WHICH EXTENDS UN-
DER THE "O".

    THE ENGLISH TRANSLATION OF "STELLA
ROSA" IN THE MARK IS "PINK STAR" OR "STAR
ROSE".

    SER. NO. 77-599,131, FILED 10-23-2008.

ROBIN MITTLER, EXAMINING ATTORNEY









# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dean D. Pregerson_____ and the assigned Magistrate Judge is _____Victor B. Kenton_____ .

The case number on all documents filed with the Court should read as follows:

## CV13-6409-DDP(VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 30, 2013_____
Date

By  _____Rhonda Marshall_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**COPY**

JEFFREY G. SHELDON (SBN 67516)
DOUGLAS H. MORSEBURG (SBN 126205)
WILLIAM D. BOWEN (SBN 254398)
SHELDON MAK & ANDERSON PC
100 Corson Street, Third Floor, Pasadena, CA  91103
Tel: (626) 796-4000, Fax: (626) 795-6321

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> CONSTELLATION BRANDS, INC., a Delaware corporation, CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation, et al. _and DOES 1-10, inclusive_ <br> DEFENDANT(S). | CASE NUMBER <br><br> CV 13-6409-DDP (VBKx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Jeffrey G. Sheldon, William D. Bowen_ , whose address is _100 Corson Street, Third Floor, Pasadena, California 91103_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   8-30-13

By:   _Rhonda Ma____

Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)]._